IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY MILTON BOONE, #337-704,     *
       Plaintiff,
                                    *

v.                                  CIVIL ACTION NO. CCB-09-1851
                                         *

J. PHILIP MORGAN,
       Defendant.                  *
                                 ******

## **MEMORANDUM**

On July 14, 2009, the court received plaintiff Timothy Milton Boone's civil rights complaint seeking compensatory damages. Paper No. 1. Boone, an inmate incarcerated at the Western Correctional Institution ("WCI"), alleged that he was assaulted by another inmate. Defendant J. Philip Morgan has filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 19. Plaintiff has filed an opposition. Paper No. 23. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, the dispositive motion filed by defendant, treated as a motion for summary judgment, will be granted.

## **Background**

Boone alleges that on December 4, 2006, he was laying on his bed when his cellmate, Muhammad Horn, hit him with a belt and lock, and poked him with an unknown object. As a result of the attack, plaintiff states he required staples in his head and suffered bruises on his right back and shoulder. He was seen by medical staff and advised them he was in pain, dizzy, and suffering from blurry vision. Plaintiff claims that he wrote a letter to the Warden stating his belief that the attack was gang related. Plaintiff does not believe the attack was properly investigated, as he is still housed at WCI. Plaintiff further states that he tried to get one of the tier officers to move him or his assailant from his cell "before some harm take place." [sic]. Paper No. 1.

The uncontroverted records demonstrate that on December 4, 2006, plaintiff and his cell

mate, William Horn, had a physical altercation in their cell. Paper No. 19, Ex. 1. Horn assaulted plaintiff with a lock attached to a belt and plaintiff bit Horn's fingers, amputating a finger tip. *Id*., p. 29-32. Both inmates received notices of rule infractions. Horn received 150 days of disciplinary segregation as a result of the incident. Plaintiff received 10 days disciplinary segregation. *Id*., p. 15-20. Prior to the incident neither plaintiff nor Horn had any documented enemies. *Id*., Ex. 2. As a result of the incident, each has been added to the other's enemies list. *Id*., Ex. 2-4. Horn was transferred from WCI on June 18, 2007. *Id*., Ex. 5.

Plaintiff did not file an administrative remedy request regarding this incident. Paper No. 1, Paper No. 19, Ex. 7.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should

2

"view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**Failure to Exhaust Administrative Remedies**

The court must first examine defendant's assertion that plaintiff's claim should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations, and his complaint must be dismissed, "unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA, or that defendants have forfeited their right to raise non-exhaustion as a defense." *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Id*. at 530; *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or final administrative review after the prison authority denied relief"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review); *see e.g*. *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the Bureau of Prison's grievance process).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See Chase*, 286 F.Supp. 2d at 529 n. 10; *see also* Md. Code Ann., Corr. Serv. §§ 10-201 to 210.

Plaintiff indicates in his complaint that he did not file an administrative remedy procedure request. Paper No. 1. Defendant maintains that plaintiff filed no administrative remedies concerning any of his complaints. Paper No. 19, Ex. 7. There is no evidence that in this case plaintiff sought and was denied an administrative remedy form for the complaints alleged here. Nor is there an allegation or evidence that he completed an administrative remedy request and submitted it to prison staff, but the request was never acted upon or delivered to the proper official. Rather, plaintiff mistakenly believed that because of the type of incident it was not necessary to pursue administrative

4

remedies. Paper Nos. 1 and 23. Plaintiff may not unilaterally decide to sidestep the administrative process. Unlike the circumstances in *Taylor v. Barnett*, 105 F.Supp.2d 483, 486 (E.D. Va. 2000), prison officials do not appear to have frustrated plaintiff's attempts at exhaustion; instead, plaintiff through his own actions failed to initiate and pursue his administrative remedies. Plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies.

## Conclusion

Defendant's motion to dismiss, or in the alternative for summary judgment is granted. Judgment shall be entered in favor of defendant and against plaintiff. A separate order follows.

Date:   May 20, 2010                                    /s/
                                              Catherine C. Blake
                                              United States District Judge